# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LEX VEST LTD, a Nevada limited liability company;<br><br>Plaintiff<br><br>v.<br><br>EMANATIONS COMMUNICATIONS GROUP LC, a Utah limited liability company; DOES 1 through 50; and ROE ENTITIES 51-100, inclusive,<br><br>Defendants | Case No.: 2:22-cv-01226-ART-BNW<br><br>**Order Denying Ex Parte Temporary Restraining Order and Setting Hearing** |

Before the Court is the second emergency motion filed by Plaintiff Lex Vest Ltd. (Lex Vest). (ECF No. 9). The Court denied without prejudice Lex Vest's first emergency motion requesting an ex parte temporary restraining order to enjoin Defendant Emanations Communications Group LC (ECG) from entering into any loan agreements with a third party under Local Rule 7-4 and advised Lex Vest to clearly state why the clouding of title to collateral Lex Vest allegedly seized would cause immediate and irreparable harm to Lex Vest. (ECF No. 7). In its second emergency motion Lex Vest asks the Court enjoin ECG from discussing or disclosing trade secrets and/or confidential information with any third party relating to collateral Lex Vest has allegedly seized. (ECF No. 9). Lex Vest also requests expedited briefing.

Federal Rule of Civil Procedure 65(b)(1)(A) allows a court to issue a temporary restraining order without written notice to the adverse party or its

attorney only if "specific facts in the affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party may be heard in opposition." Here, Lex Vest argues that an emergency exists because "Defendant is actively damaging the good will of the company and the collateral by raising funds with false promises" (ECF. No. 9 at 12:12-14). Specifically, Lex Vest points to Paragraph 35 of the declaration of Samuel Castor, the founder of Lex Vest, wherein he explains that "Defendant and its members Mrs. Karony and Mr. Karony have indicated they have and will continue to engage in funding efforts with now seized Collateral." (ECF No. 9 at 8:23-25). Though Mr. Castor claims that he explained details of these allegations in Exhibit N, that exhibit contains no allegations by Mr. Castor nor anyone else of continued fundraising efforts by ECG, Mr. Karony, or Mrs. Karony. (ECF No. 9-14). Lex Vest's allegation of irreparable harm, if it exists at all, is dependent on ECG disclosing trade secrets or patentable information to third parties, but Lex Vest has failed to allege "specific facts" showing ECG's ongoing attempts to do so. For this reason, the Court denies Lex Vest's request for an ex parte TRO but will consider the TRO application with the benefit of expedited briefing.

    IT IS THEREFORE ORDERED that Lex Vest's application for an Ex Parte Temporary Restraining Order is DENIED and its request for expedited briefing is GRANTED.

    IT IS FURTHER ORDERED that Plaintiff Lex Vest shall immediately serve on the defendants all papers filed in this case, including this order. Lex Vest

shall file a certificate confirming service of those documents on the defendants by August 29, 2022.

IT IS FURTHER ORDERED that Plaintiff Lex Vest shall file by August 29, 2022, a supplemental memorandum in support of its application demonstrating why diversity jurisdiction is proper under 28 U.S.C. § 1332, specifically, by showing there is complete diversity among the members of Lex Vest and ECG. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (stating that "an LLC is a citizen of every state of which its owners/members are citizens").

IT IS FURTHER ORDERED THAT ECG shall file a response to Lex Vest's motion by August 31, 2022, and Lex Vest may file a reply to its motion no later than September 2, 2022. In their briefing, the parties should address the immediate and irreparable harm alleged by Lex Vest, particularly whether use of non-disclosure agreements in ECG's potential fundraising activities would affect the analysis.

IT IS FURTHER ORDERED that the Court will conduct a hearing on Lex Vest's motion for a temporary restraining order on September 7, 2022 at 1:00 p.m. in Las Vegas in a courtroom to be determined, provided Lex Vest has properly and timely served the documents required in this order.

DATED this 26th day of August, 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE