1    Todd E. Zenger (*pro hac vice* UT Bar 5238)
Duren IP, PC
2    610 E. South Temple Street
Suite 300
3    Salt Lake City, UT 84102
801-869-8535
4    Email: tzenger@durenip.com

5    Jeffrey J. Whitehead (NV Bar 3183)
Whitehead & Burnett
6    6980 O'Bannon Dr.
Las Vegas, NV 89117
7    702-267-6500
Fax: 702-267-6262
8    Email: jeff@whiteheadburnett.com

9    *Attorneys for Emanation Communications Group LC*

10

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

11

12

| | |
|---|---|
| LEX VEST LTD, a Nevada limited liability company; | Case no. 2:22-cv-01226-ART-BNW |
|     Plaintiff, | |
|     v. | ANSWER<br>OF<br>EMANATION COMMUNICATIONS<br>GROUP LC |
| EMANATION COMMUNICATIONS GROUP LC, a Utah limited liability company; DOES 1 through 50; and ROE ENTITIES 51 through 100, inclusive, | |
|     Defendants. | JURY TRIAL REQUESTED |

13

14

15

16

17

18

19

20

21        Defendant Emanation Communications Group LC ("ECG") hereby responds to

22    Plaintiff's Complaint (ECF Doc. No. 1). ECG reserves any and all rights to amend this

23

pleading as permitted by Federal Rule of Civil Procedure 15.  ECG initially responds as follows:

**PARTIES**

1. ECG lacks knowledge or information sufficient to form a belief about the truth of the allegations, therefore denies.

2. ECG denies doing business in Salt Lake County, Utah as alleged.  ECG admits all other allegations.

3. ECG lacks knowledge or information sufficient to form a belief about the truth of the allegations, therefore denies.

**JURISDICTIONAL BASIS**

4. Denies complete diversity.  Admits amount in controversy exceeds $75,000.

5. Denies.

6. Denies.

**GENERAL ALLEGATIONS**

7. Admits all allegations except "five (5)."

8. Admits all allegations except "50%."  Section 5.1 states "equal to more than 50%."

9. Admits.

10. Denies that section 5.4 states that third parties contracting with ECG, such as Plaintiff, are entitled to fully rely upon the representations of Ms. Karony as the Manager of ECG.  Admits that section 5.4  contains the quoted words..

11. Denies as to "May" time frame, as to "urgent" need and as to "Africa."  Admits all other allegations.

12. Denies that "a particular piece of lab equipment needed to be purchased immediately for $20,000."  Admits all other allegations.

13. Denies "due to the intellectual property and patent licenses controlled by Defendant."  Admits all other allegations.

14. Admits that in response to its needs for financing to fund the operation of its research and development of nontechnology the parties prepared loan documents.  Denies all other allegations.

15. Admits that Lex Vest agreed to lend ECG up to $1,000,000 with interest accruing at 18%.  Denies all other allegations.

16. Admits the loan to ECG was to be at least a 6-month bridge load with ECG agreeing to repay the principal loan with interest and with one $10,000 loan fee.  Denies all other allegations.

17. Admits that an original document entitled Loan Agreement sought to identify events of default.  Denies all other allegations.

18. Admits that the parties attempted to identify collateral for the loan.  Denies all other allegations.

19. Admits that a document entitled Intellectual Property Security Agreement contains the word recited with some variations.  Denies all other allegations.

20. ECG lacks knowledge or information sufficient to form a belief about the truth of the allegations, therefore denies.

21. Admits that the original document entitled Loan Agreement contained such words with some variations.  Denies all other allegations.

22. Admits that the original document entitled Loan Agreement contained such words with some variations.  Denies all other allegations.

23. Admits that the original document entitled Loan Agreement contained such words with some variations.  Denies all other allegations.

24. Admits that milestones would be and were met.  All other allegations denied.

25. Admits that the claims of Mr. Karony, Ronin Energy Group and Ronin Real are untenable.  Denies all other allegations.  Plaintiff knew prior to the original loan documents of the threats of Mr. Karony and of his related entities.

26. Denies.

27. Denies.

28. Denies.

29. Denies.

30. Denies.

31. Denies.

32. Denies.

33. Denies.

34. Denies.

35. Admits that Plaintiff met with Mr. Karony.  As to all other allegations, ECG lacks knowledge or information sufficient to form a belief about the truth of the allegations, therefore denies.

36. ECG lacks knowledge or information sufficient to form a belief about the truth of the allegations, therefore denies.

37. ECG lacks knowledge or information sufficient to form a belief about the truth of the allegations, therefore denies.

38. ECG lacks knowledge or information sufficient to form a belief about the truth of the allegations, therefore denies.

39. Denies.

40. ECG reasserts its previous responses as to all preceding paragraphs.

41. Denies.

42. Denies.

43. Denies.

44. Denies.

45. ECG lacks knowledge or information sufficient to form a belief about the truth of the allegations, therefore denies.

46. ECG reasserts its previous responses as to all preceding paragraphs.

47. Denies.

48. Denies.

49. ECG lacks knowledge or information sufficient to form a belief about the truth of the allegations, therefore denies.

50. Admits that the loan documents should be unwound, that the collateral should be returned albeit to ECG and that Mr. Karony lacks any privity to claims to the collateral.  As to all other allegations, ECG lacks knowledge or information sufficient to form a belief about the truth of the allegations, therefore denies.

1   51. ECG lacks knowledge or information sufficient to form a belief about the truth of
2       the allegations, therefore denies.

3   52. Denies.

4   53. Denies.

5   54. Denies.

6   55. Denies.

7   56. Denies.

8   57. ECG lacks knowledge or information sufficient to form a belief about the truth of
9       the allegations, therefore denies.

10  58. ECG lacks knowledge or information sufficient to form a belief about the truth of
11      the allegations, therefore denies.

12  59. Admits that Mr. Karony has made certain allegations against ECG; ECG denies
13      all such allegations.  Denies all other allegations.

14  60. Admits that Mr. Karony has made certain allegations against ECG; ECG denies
15      all such allegations.  Denies all other allegations.

16  61. Denies.

17  62. Denies.

18  63. Denies.

19  64. ECG lacks knowledge or information sufficient to form a belief about the truth of
20      the allegations, therefore denies.

21                      DEFENSES AND AFFIRMATIVE DEFENSES

22

23

1      A.  There has been no material breach by ECG; ECG has fulfilled its obligations in all

2            material respects.

3      B.  Substantial compliance by ECG.

4      C.  Failure to state a claim upon which relief may be granted.

5      D.  First breach of contract by Plaintiff; excused performance of ECG.

6      E.  Improper notice of breach.

7      F.  Failure to permit cure of alleged breach.

8      G.  Failure of consideration.

9      H.  Frustration of purpose.

10     I.  Plaintiff's rights under contract, if any, are not yet due or operative.

11     J.  Material contractual terms are ambiguous, indefinite and/or contradictory.

12     K.  Lack of meeting of the minds.

13     L.  Unilateral mistake.

14     M.  Mutual mistake.

15     N.  Material misrepresentations by Plaintiff.

16     O.  Duress.

17     P.  Undue influence.

18     Q.  ECG was fraudulently, deceitfully and/or through misrepresentations of Plaintiff

19          induced to enter into contract with Plaintiff.

20     R.  The contracts are invalid.

21     S.  Collusion.

22     T.  Improper threat.

23     U.  The loan agreement should be declared void and/or rescinded.

1      V.  Estoppel.

2      W.  Laches.

3      X.  Unclean hands of Plaintiff

4      Y.  Performance of the contract by ECG became impossible and was frustrated due to

5          Plaintiff's representations, instructions and/or interference with ECG's

6          performance.

7      Z.  Repudiation.

8      AA.      Failure to mitigate damages.

9      BB.      No loss or damage occurred.

10     CC.      Unconscionability, both substantive and procedural.

11     DD.      Absent of conditions precedent.

12     EE. Assumption of the risk.

13     FF. Breach of Plaintiff's implied covenant of good faith and fair dealing.

14     GG.      Modification of the terms of the parties' obligations.

15     HH.      Waiver.

16     II.       Quantum meruit.

17     JJ.      Unjust enrichment.

18                       PRAYER FOR RELIEF

19         That all claims and relief requested by Plaintiff be denied and dismissed and that

20  Plaintiff obtain no relief;

21         That Plaintiff be denied all forms of damages;

22         That all declaratory relief requested by Plaintiff be denied;

23         That no attorney's fees be awarded to Plaintiff;

1    That all injunctive relief requested by Plaintiff be denied;

2    That no costs be awarded to Plaintiff;

3    That the Court declare that Defendant ECG is not liable for any claim asserted by

4  Plaintiff in this action;

5    That Defendant ECG be awarded attorney's fees and costs as permitted by law;

6  and

7    That the Court award Defendant ECG other and further relief as the Court deems

8  reasonable and proper under the circumstances.

9                              REQUEST FOR TRIAL BY JURY

10    ECG requests trial by jury for all issues so triable.

11    DATED this 27th day of September 2022.

12

13                                                        DUREN IP

14                                                        /s/  Todd E. Zenger

15

16                                                        Todd E. Zenger
                                                          Duren IP, PC
                                                          610 E. South Temple Street
17                                                        Suite 300
                                                          Salt Lake City, UT 84102
18                                                        801-869-8535
                                                          Email: tzenger@durenip.com
19
                                                          Jeffrey J. Whitehead
20                                                        Whitehead & Burnett
                                                          6980 O'Bannon Dr.
21                                                        Las Vegas, NV 89117
                                                          702-267-6500
22                                                        Fax: 702-267-6262
                                                          Email: jeff@whiteheadburnett.com
23

1

2                    **CERTIFICATE OF SERVICE**

3          I certify that the foregoing paper was filed using the Court CMF electronic filing
     system this 27th day of September 2022, thereby causing service upon the following
4    persons:

5
     Adam R. Knecht
6    Jessica Renneker
     Lex Tecnica LTD
7    10161 Park Run Drive
     Suite 150
8    Las Vegas, NV 89144
     702-241-8585
9    Email: adam@lextecnica.com
     Email: jess@lextechnica.com
10

11   Michael R. Kealy
     Ashley Christine Nikkel
12   Parsons Behle & Latimer
     50 W. Liberty Street, Suite 750
13   Reno, NV 89501
     775-323-1601
14   Fax: 775-348-7250
     Email: mkealy@parsonsbehle.com
15   Email: anikkel@parsonsbehle.com

16                                          /s/  Todd E. Zenger_____

17

18

19

20

21

22

23