Michael R. Kealy, Nevada Bar ID No. 0971
Ashley C. Nikkel, Nevada Bar ID No. 12838
PARSONS BEHLE & LATIMER
50 West Liberty Street, Suite 750
Reno, Nevada 89501
Telephone: 775.323.1601
Facsimile: 775.348.7250
MKealy@parsonsbehle.com
ANikkel@parsonsbehle.com

*Attorneys for Third-Party
Defendant Braden John Karony*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LEX VEST LTD, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>EMANATIONS COMMUNICATIONS GROUP LC, a Utah limited liability company; DOES 1 through 50; and ROE ENTITIES 51 through 100, inclusive,<br><br>Defendant. | Case No. 2:22-CV-01226-ART-BNW<br><br>**BRADEN JOHN KARONY'S OPPOSITION TO MOTION OF JENNIFER KARONY TO INTERVENE PURSUANT TO RULE 24 [ECF 106]** |
| EMANATION COMMUNICATIONS GROUP LC, a Utah limited liability,<br><br>Counterclaim Plaintiff,<br><br>vs.<br><br>LEX VEST LTD, a Nevada limited liability company,<br><br>Counterclaim Defendant. | |

| | |
|---|---|
| 1 | EMANATION COMMUNICATIONS GROUP LC, a Utah limited liability, |
| 2 | Third-Party Plaintiff, |
| 3 | vs. |
| 4 | LEX TECNICA LTD, a Nevada limited Liability company, SAM CASTOR, a Manager of Lex Tecnica and Nevada resident, ADAM KNECHT, a manager of Lex Tecnica and Nevada resident, NATHAN MORRIS, a manager of Lex Tecnica and Utah resident, and BRADEN JOHN KARONY, an individual and resident of Utah, |
| 10 | Third-Party Defendants. |

Third-Party Defendant Braden John Karony ("John Karony"), by and through his counsel of record, hereby submits the following Opposition to Motion of Jennifer Karony to Intervene Pursuant to Rule 24 [ECF No. 106]. The Court should deny Jennifer Karony's intervention as it relates to her claims against John Karony because they are not hers – they belong to Emanations Communications Group ("ECG"). Déjà vu all over again, Nevada is still the improper jurisdiction for this dispute and allowing Jennifer Karony to intervene in this action will further complicate and prolong litigation that belongs in Utah.

This Opposition is based on the papers and pleadings on file with the Court and the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

Jennifer Karony's proposed complaint is essentially a copy-paste job of the ECG Third-Party Complaint (ECF No. 44) as it relates to John Karony. Though Jennifer Karony offers argument as to why intervention is appropriate as it related to the other defendants (the crux of which is that she was a personal guarantor in the loan arrangements with Lex Vest Ltd. and ECG), her argument is devoid of any substance as it relates to the Ninth Claim for Relief (Interference with Contractual Relations) against John Karony. Instead, she focuses solely on the

causes of action against Lex Vest Ltd. and other individuals. But as to her allegations against John Karony, a closer inspection reveals that these are not Jennifer Karony's claims. They are ECG's claims. Accordingly, Jennifer Karony cannot be allowed to intervene in this action to assert claims against John Karony, either under a mandatory or permissive standard.

As evidenced by the recent notice of ECG's receivership (ECF No. 108), Utah continues to be the proper venue for this dispute. The proposed complaint from Jennifer Karony (ECF No. 106-1) lacks any legally cognizable connection between John Karony and the State of Nevada beyond his limited appearance in this lawsuit to seek a stay in favor to the Utah litigation. And Jennifer Karony cannot demonstrate such connection because clear Ninth Circuit precedent says she cannot. The Court should further deny this request to conserve judicial and party resources by avoiding added duplicative motion practice when this complaint presents the same defects as the Third-Party Complaint previously filed by ECG (ECF No. 44).

### A. Jennifer Karony's proposed allegations against John Karony are actually ECG's claims.

As to the allegations against John Karony, Jennifer Karony cannot intervene as of right because she is not a party to the contract that she alleges John Karony interfered with. A comparison of the allegations contained in the Ninth Cause of Action (Interference with Contractual Relations) shows that these were originally ECG's claims, which have been edited to include or replace ECG with Jennifer Karony (demonstrated with the addition of the underlined text below). But the edits do not make sense in the context of the cause of action where the loan agreement was between Lex Vest Ltd. and ECG, and Jennifer Karony was only a guarantor:

| ECF No. 44, ¶¶ 304-308 | ECF No. 106-1, ¶¶ 267-301 |
|---|---|
| 304. ECG entered into a contractual loan agreement with Lex Vest. | 267. ECG and Jennifer Karony entered into a contractual loan agreement with Lex Vest. |
| 305. John Karony gained knowledge of the ECG-Lex Vest Contractual Arrangement on or about July 20, 2022. | 268. John Karony gained knowledge of the ECG-Lex Vest Contractual Arrangement on or about July 20, 2022. |

| | |
|---|---|
| 306. John Karony acted intentionally to disrupt the ECG/Karony-Lex Vest contractual arrangement by improperly asserting rights John Karony does not have. | 269. John Karony acted intentionally to disrupt the ECG/Karony-Lex Vest contractual arrangement by improperly asserting rights John Karony does not have. |
| 307. As a result of John Karony's threats, Lex Vest has withheld providing funding to ECG in the full amount of $1,000,000. | 270. As a result of John Karony's threats, Lex Vest has withheld providing funding to ECG in the full amount of $1,000,000. |
| 308. ECG has been caused damages by John Karony's conduct in an amount equal to at least the amount of funding which Lex Vest has withheld from ECG which is about $500,00 or an amount to be proven at trial. | 271. <u>Jennifer Karony</u> has been caused damages by John Karony's conduct in an amount equal to at least the amount of funding which Lex Vest has withheld from ECG which is about $500,00 or an amount to be proven at trial. |

These changes do not make sense in the context of the allegations. Jennifer Karony contends she personally guaranteed the ECG/Karony-Lex Vest contractual arrangement. ECF No. ¶¶ 106-1 108-110, 250. But a guarantor is not a party to the underlying contract, and a guarantor's obligations are separate and distinct from the obligations in the underlying contract. *Gross v. Lamme*, 77 Nev. 200, 205, 361 P.2d 114, 116 (1961). Interference with the underlying contract does not equate to interference with the guarantee and Jennifer Karony has conflated the two.

Jennifer Karony further contends that John Karony's alleged interference with that contractual arrangement caused Lex Vest to withhold funding to ECG. ECF No. 106-1, ¶¶ 296-271. But Jennifer Karony does not contend that because of that withholding of funding, Lex Vest enforced her guarantee. And she does not plausibly plead – or even attempt to link – the causal connection between the withholding of funding from ECG to any damages in her personal capacity. These claims were originally ECG's and only make sense in the context of ECG. Copying and pasting Jennifer Karony's name into the prior allegations does nothing to bootstrap them onto a new party in the case and the Court should flatly decline the request.

/ / /

/ / /

/ / /

/ / /

/ / /

### B. The Court may not allow Jennifer Karony to intervene to bring ECG's claims against John Karony.

Under either mandatory or permissive intervention, Jennifer Karony may not intervene to file claims against John Karony that only make sense where they are brought by ECG, which is already a party to this case and has indeed brought the same claims against John Karony.[1]

#### 1. ECG is already a party to this case.

Under the mandatory analysis, an intervenor may seek intervention under an unconditional right to intervene established by federal statute (not applicable here), or where the intervenor claims an interest relating to the property or transaction that is the subject of the action and is situated such that the action's outcome may practically impair or impede the intervenor's ability to protect its interest – unless existing parties adequately represent that interest. Fed. R. Civ. P. 24(a).

Here, John Karony has been named as a third-party defendant by ECG and has sought dismissal of the third-party complaint based on personal jurisdiction (and failure to state a claim). Jennifer Karony's complaint suffers the same defects and her contentions that she is not adequately represented by ECG, whose third-party complaint contains the exact same allegations but for five words, strains the bounds of credulity. And as stressed above, Jennifer Karony lacks standing to bring the purported cause of action against John Karony, as she is the guarantor to the contract. That cause of action properly belongs to ECG.

#### 2. This Court lacks personal jurisdiction over John Karony whether the claims are brought by ECG or Jennifer Karony.

For permissive intervention, the intervenor must have either a conditional right to intervene by a federal statute (inapplicable here) or have a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b)(1). Here, permissive

---

[1] John Karony takes no position on the propriety of intervention as to the other causes of action or defendants, and the Court is not required to approach intervention from an "all or nothing" standpoint. *See Van Hoomissen v. Xerox Corp.*, 497 F.2d 180 (9th Cir.), *decision supplemented*, 503 F.2d 1131 (9th Cir. 1974) (courts may limit applications for intervention to particular issues).

intervention is inappropriate for the same reason that mandatory intervention is out of Jennifer Karony's grasp – though at first blush her claims appear to share a common question of law or fact with the main action, her single claim against John Karony is not hers to bring. Additionally, under the permissive analysis (which is a discretionary decision by the Court), the Court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3).

This request to file the proposed complaint by Jennifer Karony should likewise be denied because it is a waste of court and party resources. Like ECG's Third-Party Complaint (ECF No. 44), Jennifer Karony's proposed complaint is devoid of personal jurisdiction as it relates to John Karony. Her statement of jurisdiction exactly repeats the language of ECG's Third-Party Complaint as it relates to John Karony. *Compare* ECF No. 44, ¶ 74 ("This Court has personal jurisdiction over John Karony by consent through his asserting claims in this case thereby subjecting himself to personal jurisdiction in this case.") *with* ECF No. 106-1, ¶ 11 (same). And through Jennifer Karony's proposed complaint, she fails to allege any legally adequate contacts with Nevada, the purported forum state. The sole basis for Jennifer Karony's assertion of jurisdiction is that John Karony consented to the jurisdiction of the Court by seeking intervention earlier in the action. *See* ECF No. 44, p. 11. This assertion of jurisdiction is incorrect, as Ninth Circuit precedent makes clear that intervention, especially of the extremely limited nature that the Court allowed in this action, does not waive or otherwise constitute personal jurisdiction by consent. *See Securities and Exchange Comm'n v. Ross*, 504 F.3d 1130, 1133 (9th Cir. 2007); *see also* ECF No. 51, p. 1-6; ECF No. 76, p. 1-6.

As a result, the Court should decline to allow permissive intervention because it will require another round of motion to dismiss briefing and an associated hearing that will further prolong the proceedings and require the parties to expend additional resources to reach the same outcome: the claims against John Karony must be dismissed due to lack of personal jurisdiction.

Where the defect in this complaint is this clear, the Court should exercise its discretion to deny intervention.[2]

### CONCLUSION

For the foregoing reasons, this Court should decline Jennifer Karony's request to intervene in this matter as to the Ninth Claim for Relief in Jennifer Karony's proposed complaint and not allow her to proceed as to John Karony on these allegations.

Additionally, John Karony would be amenable to combining oral argument on this issue with the Court's consideration of the pending motions to dismiss in July 2023, as there is substantial overlap in issues between the ECG Third-Party Complaint and the proposed complaint from Jennifer Karony.

DATED: May 31, 2022.                      PARSONS BEHLE & LATIMER

                                          By: /s/ Ashley C. Nikkel
                                              Michael R. Kealy, Nevada Bar No. 0971
                                              Ashley C. Nikkel, Nevada Bar No. 12838

                                              *Attorneys for Third-Party Defendant*
                                              *Braden John Karony*

---

[2] In the event this Court allows Jennifer Karony to intervene, John Karony reserves his right to raise this and other issues in responsive pleading or motion to dismiss.

32306.002\4854-7506-7239.v2

# CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Parsons Behle & Latimer, and on this 31st day of May, 2023, I caused a true and correct copy of the foregoing document, **BRADEN JOHN KARONY'S OPPOSITION TO MOTION OF JENNIFER KARONY TO INTERVENE PURSUANT TO RULE 24**, to be filed via the Clerk of the Court's ECF system which sent notice of electronic filing to all the participants in this case:

Adam R. Knecht, Esq.
Lex Tecnica Ltd
10161 Park Run Dr., Suite 150
Las Vegas, NV 89145
Email: adam@lextecnica.com
Email: jess@lextecnica.com

*Attorneys for Plaintiff*

Jeffrey J. Whitehead, Esq.
Whitehead & Burnett
6980 O'Bannon Drive
Las Vegas, NV 89117
Email: Jeff@whiteheadburnett.com

*Attorneys for Defendants*

Todd Zenger, Esq.
Emanation Communications Group, LC
190 N. Cutler Dr., Suite D North
Salt Lake City, UT 84054
Email: tzenger@durenip.com

*Attorneys for Defendants*

   /s/ Roni L. Shaffer
Employee of Parsons Behle and Latimer

32306.002\4854-7506-7239.v2

8