1  Todd E. Zenger (*pro hac vice* UT Bar 5238)
   Duren IP, PC
2  610 E. South Temple Street
   Suite 300
3  Salt Lake City, UT 84102
   801-869-8535
4  Email: tzenger@durenip.com

5  Jeffrey J. Whitehead (NV Bar 3183)
   Whitehead & Burnett
6  6980 O'Bannon Dr.
   Las Vegas, NV 89117
7  702-267-6500
   Fax: 702-267-6262
8  Email: jeff@whiteheadburnett.com

9  *Attorneys for Emanation Communications Group LC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| LEX VEST LTD, a Nevada limited liability company; | Case no. 2:22-cv-01226-ART-BNW |
| Plaintiff, | |
| v. | INTERVENOR'S RESPONSE TO PLAINTIFF'S OPPOSITION (ECF 110) |
| EMANATION COMMUNICATIONS GROUP LC, a Utah limited liability company; DOES 1 through 50; and ROE ENTITIES 51 through 100, inclusive, | |
| Defendants. | |
| Emanation Communications Group LC, a Utah limited liability, | |
| Counterclaim Plaintiff, | |
| v. | |
| Lex Vest Ltd, a Nevada limited liability company, | |

|  |  |
|---|---|
| Counterclaim Defendant<br><br>———————————<br><br>Emanation Communications Group LC, a Utah limited liability,<br><br>    Third-Party Plaintiff,<br><br>    v.<br><br>Lex Tecnica LTD, a Nevada limited liability company, Sam Castor, a manager of Lex Tecnica and Nevada resident, Adam Knecht, a manager of Lex Tecnica and Nevada resident, Nathan Morris, a manager of Lex Tecnica and Utah resident, and Braden John Karony, an individual and resident of Utah,<br><br>    Third-Party Defendants. |  |

Jennifer Karony, Intervenor, responds to Plaintiff's opposition ECF 110, as follows:

This Court has original, first-filed jurisdiction and to date exclusive jurisdiction over Plaintiff's breach of contract claim. As such, it does not appear that the Utah State Court has jurisdiction to control Plaintiff's claim. The appointment of receiver and his powers are the subject of an appeal in Utah, *Ronin et al. v. Emanation, et.al.,* appellate case nos. 20230396-CA and 20230397-CA. Until those issues are decided, this Court should retain jurisdiction over Intervenor's motion, and potential counter-claims should Plaintiff proceed with its amended complaint against Jennifer Karony and others (ECF 101-2).

**1. This Court has original, first-filed jurisdiction and exclusive jurisdiction over Plaintiff's breach of contract claim.**

Plaintiff strategically chose to bring its breach claim in this Court, filed July 31, 2022 (ECF 1). Plaintiff intentionally chose not to sue Defendants in Utah State courts.

Further, Plaintiff has not asserted its breach claim in the later-filed Utah litigation. The Utah court does not have subject matter over Plaintiff's breach claim and cannot assume it, let alone decide it when that issue is exclusively before this Court in this action. To date, adjudication of Plaintiff's breach claim resides exclusively in this Court.

**2. The receivership matter itself is still in question.**

The matter of the receivership has not been fully decided. The Utah Court's order granting a motion for appointment of a receiver and the Utah Court's separate order appointing a receiver have been appealed in *Ronin et al. v. Emanation, et.al.,* appellate case nos. 20230396-CA and 20230397-CA. A successful appeal will put aside any alleged receivership issues.

Issues in the appeal will include the error of the Utah Court to *de facto* decide or control issues not before the Utah Court, including the merits of and defenses to Plaintiff's breach claim upon which the Utah Court relied when granting the now appealed orders.

Because the controlling nature of the receivership is not settled the receivership order of the Utah Court should not be presumed or deemed final and controlling.

### 3. The Receiver does not control Plaintiff's breach claim

In any event, Plaintiff's breach claim is not an asset of Emanation. Plaintiff is not one of the receivership entities in the Utah litigation. As a result, Plaintiff's breach claim does not appear to be within the scope of the Utah Court's defined asset over which the Utah Court and the Receiver have control. The receivership order (ECF 108-1) does not claim ownership of Plaintiff's breach claim, nor has Plaintiff shown that its breach claim has been surrendered to the Receiver's control.

Further, Plaintiff has made no showing that litigating liability of and defenses to its breach claim will negatively impact a single asset in the receivership. If Plaintiff proceeds independently against the personal guarantor Intervenor, there is no impact on the assets of the receivership. If Intervenor's claims and defenses are successful the value of the receivership assets will be diminished but will increase.

### 4. The Utah Court appears to be attempting to exercise jurisdiction over the breach claim not before it.

The receivership order (ECF 108-1) includes language as to what any party and even non-receivership parties in the Utah litigation may and may not do in this separate, first-filed action litigation. In the Utah litigation, the undersigned requested the Utah Court to stay its proceeding pending resolution of the Plaintiff's breach claim filed in this case. The Utah Court denied the request and proceeded to take evidence and testimony related to Plaintiff's breach claim over objection.

### 5. Plaintiff's breach claim in this Court is continuing.

In Plaintiff's opposition (ECF 110), Plaintiff makes no representation about dismissing its claims in this action. As a result, Plaintiff's breach claim continues.

In relation to the breach claim, Plaintiff Lex Vest demanded that Intervenor sign a personal guarantee as a condition of granting further loans. Plaintiff brought Intervenor into this dispute. Defenses to breach of contract include those asserted in the ECG amended answer and counterclaims (ECF 44).

Even if ECG dismisses the counterclaims of ECF 44, Plaintiff's breach claim may continue. Intervenor, and personal guarantor in the breach issue, has established her lawful need to defend against any continuing claim that could posit liability in her under the breach claim.   The need for intervention is Plaintiff's own making.

### 6. Intervenor's claims do not appear to be derivate of ECG's claims.

As shown in the loan papers asserted and filed by Plaintiff in this action, Intervenor-Guarantor is a direct signature party to the loan agreement itself, not just as Personal Guarantor, as shown in ECF 9-1, page 10 of 91. The loan agreement purports to require Intervenor-Guarantor to perform acts of ECG if ECG does not perform them. For example, at ECF 9-1, page 5 of 91, section 6 defines events of default of the loan agreement including (i) if Guarantor fails "to perform any covenant, condition, requirement, or agreement required to be observed or performed by Borrower[-ECG] … under this Agreement" in 6(a); and (ii) if Guarantor is proven to have made any false warranty, representation or statement related to the loan in 6(c).  This conduct of Intervenor-Guarantor allegedly impacts compliance with the loan agreement directly.

Also, Intervenor is allegedly subject to liability independent of ECG:

> As more particularly set forth in the Personal Guaranty, Guarantor shall be jointly and severally liable in the first instance for any default on the part of the Borrower without regard to whether collection remedies are pursued first as against the Borrower.

(ECF 9-1, pg. 9 of 91, section 24). If enforced, this could provide Plaintiff an independent claim against Intervenor.

These kinds of liability and involvement are direct, not derivative. Intervenor should not be denied the opportunity to defend herself as a signatory to the loan document and the separate Personal Guarantee.

### 7. Potential remaining claims against Plaintiff

Should Plaintiff elect not to pursue its amended claims against Jennifer Karony (ECF 101-2), Intervenor is not precluded from seeking claims against Plaintiff whether by this motion for intervention or by a separately filed action. It is judicially efficient to avoid duplicity to have Intervenor's claim continue in this action where the parties and many material documents related to Intervenor's claims are already before the Court and/or of record.

Intervenor has met the standards of intervention pertaining to both intervention by right and permissive intervention. Intervenor's motion to intervene against Plaintiff should be granted.

Dated this 7th day of June, 2023.

DUREN IP

/s/ Todd E. Zenger

Todd E. Zenger
Duren IP, PC
610 E. South Temple Street

```
 1                                      Suite 300
                                        Salt Lake City, UT 84102
 2                                      801-869-8535
                                        Email: tzenger@durenip.com
 3
                                        Jeffrey J. Whitehead
 4                                      Whitehead & Burnett
                                        6980 O'Bannon Dr.
 5                                      Las Vegas, NV 89117
                                        702-267-6500
 6                                      Fax: 702-267-6262
                                        Email: jeff@whiteheadburnett.com
 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23
```

**CERTIFICATE OF SERVICE**

I certify that the foregoing paper was filed using the Court CMF electronic filing system this 7th day of June 2023, thereby causing service upon the following with Ms. Renneker being served a copy separately at the email below:

Adam R. Knecht
Jessica Renneker
Lex Tecnica LTD
10161 Park Run Drive
Suite 150
Las Vegas, NV 89144
702-241-8585
Email: adam@lextecnica.com
Email: jess@lextechnica.com

Michael R. Kealy
Ashley Christine Nikkel
Parsons Behle & Latimer
50 W. Liberty Street, Suite 750
Reno, NV 89501
775-323-1601
Fax: 775-348-7250
Email: mkealy@parsonsbehle.com
Email: anikkel@parsonsbehle.com

/s/  Todd E. Zenger