Todd E. Zenger (*pro hac vice* UT Bar 5238)
Duren IP, PC
610 E. South Temple Street
Suite 300
Salt Lake City, UT 84102
801-869-8535
Email: tzenger@durenip.com

Jeffrey J. Whitehead (NV Bar 3183)
Whitehead & Burnett
6980 O'Bannon Dr.
Las Vegas, NV 89117
702-267-6500
Fax: 702-267-6262
Email: jeff@whiteheadburnett.com

*Attorneys for Emanation Communications Group LC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| LEX VEST LTD, a Nevada limited liability company;<br><br>Plaintiff,<br><br>v.<br><br>EMANATION COMMUNICATIONS GROUP LC, a Utah limited liability company; DOES 1 through 50; and ROE ENTITIES 51 through 100, inclusive,<br><br>Defendants.<br><br>Emanation Communications Group LC, a Utah limited liability,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>Lex Vest Ltd, a Nevada limited liability company, | Case no. 2:22-cv-01226-ART-BNW<br><br>INTERVENOR'S RESPONSE TO<br>THIRD-PARTY DEFENDANT BRADEN JOHN KARONY'S OPPOSITION<br>(ECF 109) |

| | |
|---|---|
| Counterclaim Defendant ——————— Emanation Communications Group LC, a Utah limited liability,     Third-Party Plaintiff,     v. Lex Tecnica LTD, a Nevada limited liability company, Sam Castor, a manager of Lex Tecnica and Nevada resident, Adam Knecht, a manager of Lex Tecnica and Nevada resident, Nathan Morris, a manager of Lex Tecnica and Utah resident, and Braden John Karony, an individual and resident of Utah,     Third-Party Defendants. | |

Jennifer Karony, Intervenor, responds to the opposition of Third-Party Defendant Braden John Karony ("Braden Karony"), ECF 109, as follows:

Jennifer Karony is a direct signature party to the loan agreements, purportedly for all performance of ECG. Her conduct can allegedly be directly relied upon for default of the ECG's loan agreement. The loan agreement has been structured to purportedly make Jennifer Karony a direct party to the loan agreement. Braden Karony interfered with that contractual relation.

### 1. Intervenor's claims are her own independent claims, not merely claims of ECG.

The thesis of Third-Party Defendant's opposition to Intervenor is: "This Court should deny Jennifer Karony's intervention as it relates to her claims against Braden Karony because they are not her – they belong to Emanations Communications Group ("ECG"),"[1] "… these are not Jennifer Karony's claims. They are ECG's claims."[2] and "Jennifer Karony cannot intervene as of right because she is not a party to the contract."[3] This thesis and basis is directly contradicted by the express language of the contract itself. Lex Vest structured the loan agreement to make Jennifer Karony a party and signatory to the loan agreement. The very contract with which Braden Karony interfered.

As shown in the loan papers asserted and filed by Plaintiff in this action, Intervenor-Guarantor is a named signature "Party" to and direct signature party on the loan agreement itself as shown in ECF 9-1, page 10 of 91:

---

[1] Braden Karony Opposition, page 2, lines 3-5 of the text.
[2] *Id.* at page 3, lines 2-3.
[3] *Id.* at page 3, lines 15-16.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed and delive duly authorized members or agents, as set forth below:

**LENDER**

**LEX VEST LTD**

By: _____
Name: Sam Castor
Its: Managing Member

**BORROWER**

**EMANATION COMMUNICATIONS GROUP, LC**

By: _____
Name: Jennifer Karony
Its: Managing Member

**GUARANTOR**

By: _____
Name: Jennifer Karony

The same alleged loan contract purports to require Intervenor-Guarantor to perform acts of ECG if ECG does not perform them. For example, at ECF 9-1, page 5 of 91, section 6 defines events of default of the loan agreement causing breach (i) if Guarantor fails "to perform any covenant, condition, requirement, or agreement required to be observed or performed by Borrower[-ECG] … under this Agreement" in 6(a); or (ii) if Guarantor is proven to have made any false warranty, representation or statement related to the loan in 6(c). This conduct of Intervenor-Guarantor could be argued to directly support Lex Vest's breach claim.

If such contract language is asserted and enforced against contract signatory Intervenor this could result in direct liability of Intervenor under the contact.  Contrary to Braden Karony's argument, contract signatory Intervenor is allegedly a direct "Party" to the loan contract with which Braden Karony interfered.[4]  As a co-party with ECG to the loan contract, Intervenor can rightly assert claims and defenses similar to those of ECG.

Facing such direct allegations of required involvement and alleged liability, Intervenor should not be denied the opportunity to assert party claims and defend herself.

### 2. ECG presence as an existing party is of no moment.

As established above, Intervenor has its own "party" claims and defenses.

Further, if, as Lex Vest asserts in ECF 110 page 1-2, the Receiver dismisses its counterclaims claims against Lex Vest then absent intervention by Jennifer Karony there is no party to assert the claims and defenses still belonging to Jennifer Karony.  Jennifer Karony should be granted intervention.

### 3. Braden Karony arguments as to personal jurisdiction are misplaced at this stage and are not ripe.

The Court has not yet granted entry of Intervenor's claims.  There is no personal jurisdiction issue presently before this Court.  Further, Braden Karony's opposition is brought "Pursuant to Rule 24," not Rule 12.  There is no proper Rule 12 motion before a complaint is before the Court.  Braden Karony is urging the Court to make an improper

---

[4] Braden Karony cites *Gross v. Lamme*, 77 Nv. 200, 205, 361 P.2d 114, 116 (1961). *Gross* is not applicable because Jennifer Karony is allegedly a party to the underlying conract.

advisory ruling when an underlying case-in-controversy has not yet arisen. This Court should reject this urging.

Nevertheless, the facts will when properly presented support personal jurisdiction over Braden Karony. First, his own opposition identifies him as a "Third-Party Defendant Braden John Karony" without any reservation as to limited appearance. As a party to this case, claims may be asserted against him.

Further, the facts and circumstances of this case reveal sufficient contacts of Braden Karony in Nevada related to this case such that this Court may require him to participate in this action. For example,[5] Braden Karony knew he was interfering with a Nevada entity, Lex Vest. He knew he was interfering with a Nevada-based contract[6] governed by Nevada law and requiring all parties to be subject to venue in Nevada. He knew he was interfering with business operations of Lex Vest including interfering with payments authorized in and executed from Nevada. Braden Karony has interfered with the collateral intangibles allegedly assigned to and purportedly seized by Lex Vest and which would appear on the asset books of Nevada entity Lex Vest. Braden Karony purposely and intentionally directed his interfering conduct to Nevada-based business operations, parties, assets and interests in and governed by Nevada law. These and other facts will show, if and when required, that Braden Karony is a proper party to Nevada litigation.

---

[5] Intervenor reserves the right to fully brief the issue of personal jurisdiction if and when it is properly before the Court.
[6] The facts will show that Lex Vest signed the agreement in Nevada.

**4. Braden Karony has failed to rebut Jennifer Karony's showing of meeting the requirements for intervention.**

In her opening motion, Jennifer Karony has shown that she meets the intervention requirements of Rule 24.  Braden Karony has not her refuted showing in any material respect.  Failing to refute Jennifer Karony's satisfaction of Rule 24, Braden Karony opposition ECF 109 should be refused and her motion ECF 106 should be granted.

Dated this 7th day of June, 2023.

DUREN IP

/s/  Todd E. Zenger

Todd E. Zenger
Duren IP, PC
610 E. South Temple Street
Suite 300
Salt Lake City, UT 84102
801-869-8535
Email: tzenger@durenip.com

Jeffrey J. Whitehead
Whitehead & Burnett
6980 O'Bannon Dr.
Las Vegas, NV 89117
702-267-6500
Fax: 702-267-6262
Email: jeff@whiteheadburnett.com

**CERTIFICATE OF SERVICE**

I certify that the foregoing paper was filed using the Court CMF electronic filing system this 7th day of June 2023, thereby causing service upon the following with Ms. Renneker being served a copy separately at the email below:

Adam R. Knecht
Jessica Renneker
Lex Tecnica LTD
10161 Park Run Drive
Suite 150
Las Vegas, NV 89144
702-241-8585
Email: adam@lextecnica.com
Email: jess@lextechnica.com

Michael R. Kealy
Ashley Christine Nikkel
Parsons Behle & Latimer
50 W. Liberty Street, Suite 750
Reno, NV 89501
775-323-1601
Fax: 775-348-7250
Email: mkealy@parsonsbehle.com
Email: anikkel@parsonsbehle.com

/s/  Todd E. Zenger