Jennifer L. Braster
Nevada Bar No. 9982
NAYLOR & BRASTER
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
Telephone: (702) 420-7000
Facsimile: (702) 420-7001
jbraster@nblawnv.com

*Attorneys for Glenn R. Bronson,*
*Receiver for Emanation Communications Group LC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LEX VEST LTD, a Nevada limited liability company; | Case No.: 2:22-cv-01226-ART-BNW |
| Plaintiff, | **JOINT MOTION FOR SUBSTITUTION OF PARTY** |
| vs. | |
| EMANATIONS COMMUNICATIONS GROUP LC, a Utah limited liability company; DOES 1 through 50; and ROE ENTITIES 51 through 100, inclusive, | |
| Defendants. | |
| EMANATION COMMUNICATIONS GROUP LC, a Utah limited liability company | |
| Counterclaim Plaintiff, | |
| vs. | |
| LEX VEST LTD, a Nevada limited liability company, | |
| Counterclaim Defendant. | |
| EMANATION COMMUNICATIONS GROUP LC, a Utah limited liability company | |
| Third Party Plaintiff, | |
| vs. | |
| LEX TECNICA LTD, a Nevada limited liability company; SAM CASTOR, a manager of LEX TECNICA LTD; ADAM KNECHT, a manager of LEX TECNICA LTD, NATHAN | |

MORRIS, a manager of LEX TECNICA, LTD; and BRADEN JOHN KARONY, an individual and Utah resident,

Third Party Defendants.

Pursuant to FED.R.CIV.P. 25, Glenn R. Bronson, Esq., receiver for Emanation Communications Group LC, by and through his attorney of record, Naylor & Braster, and plaintiff Lex Vest Ltd., by and through its attorney of record, Lex Tecnica Ltd., jointly move for the substitution of Glenn R. Bronson, Esq., as receiver of Emanation Communications Group, LC for party Emanation Communications Group, LC.  On April 24, 2023, Glenn R. Bronson, Esq. was appointed as a receiver over Emanation Communications Group, LC, among other entities. *See* Exhibit 1 hereto.  As receiver, Mr. Bronson is now the real party in interest for Emanation Communications Group, LC. *See, e.g.*, *Sand Creek Partners, Ltd. v. Am. Fed. Sav. & Loan Ass'n of Colorado*, Case No. 2:14-cv-444-GMN-VCF, 2015 WL 316750, at *1 (D. Nev. Jan. 26, 2015) (receiver substituted as real party in interest).  As such, Plaintiff and Bronson jointly move for the substitution of Glenn R. Bronson, Esq., receiver for Emanation Communications Group LC for Emanation Communications Group LC.

Dated this 15th day of June 2023.

NAYLOR & BRASTER

By: */s/ Jennifer L. Braster*
    Jennifer L. Braster
    Nevada Bar No. 9982
    1050 Indigo Drive, Suite 200
    Las Vegas, NV 89145

*Attorneys for Glenn R. Bronson,*
*Receiver for Emanation Communications*
*Group LC*

LEX TECNICA LTD

By: */s/ Adam R. Knecht*
    Adam R. Knecht
    Nevada Bar No. 13166
    10161 Park Run Drive, Suite 150
    Las Vegas, NV 89145

*Attorneys for Plaintiff Lex Vest LTD, and*
*Third-Party Defendants Lex Tecnica LTD,*
*Adam Knecht, Samuel Castor,*
*and Nathan Morris*

**IT IS SO ORDERED**
DATED: June 20, 2023

_____
DISTRICT COURT JUDGE

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to Federal Rule of Civil Procedure 5, I hereby certify that I am an employee of NAYLOR & BRASTER and that on this <u>19th</u> day of June 2023, I caused the document **JOINT MOTION FOR SUBSTITUTION OF PARTY** to be served through the Court's CM/ECF system to those persons designated by the parties that have appeared in the matter.

*/s/ Amy Reams*_____
An Employee of NAYLOR & BRASTER

# EXHIBIT 1

**Dated:** April 24, 2023       /s/  MICHAEL D DIREDA
04:53:15 PM       District Court Judge



*Proposed order submitted by*:
Thomas R. Barton [6827] *tbarton@parsonsbehle.com*
Brian M. Rothschild [15316] *brothschild@parsonsbehle.com*
Adam L. Bondy [14423] *abondy@parsonsbehle.com*
**Parsons Behle & Latimer**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234

*Attorneys for Plaintiffs Braden John Karony,*
*Ronin Energy Group, LC, and Ronan Real*
*Estate Holdings, LC*

| IN THE second JUDICIAL DISTRICT COURT IN and FOR Davis County, Utah | |
|---|---|
| BRADEN JOHN KARONY; RONIN ENERGY GROUP, LC; RONIN REAL ESTATE HOLDINGS, LC,<br><br>            Plaintiffs,<br><br>vs.<br><br>JENNIFER KARONY, EMANATION COMMUNICATIONS GROUP, LC; ECG OPERATIONS GROUP, LC; ECG IP HOLDINGS LC; EMANATION ENERGY GROUP, LC; LEX VEST, LTD; LEX VEST ECG, LLC; SAMUEL CASTOR; NATHAN MORRIS; ADAM KNECHT; BRADFORD KARONY; and JOHN DOES 1-10,<br><br>            Defendants. | **ORDER APPOINTING RECEIVER**<br><br>Civil No. 220700635<br><br>Judge Michael D. DiReda<br><br>**Tier 3** |
| EMANATION COMMUNICATIONS GROUP, LC,<br><br>            Counterclaim Plaintiff,<br><br>v.<br><br>BRADEN JOHN KARONY, | |

1

4893-1825-7500

| | |
|---|---|
| Counterclaim Defendant. | |
| EMANATION COMMUNICATIONS GROUP, LC, <br><br> Third-party Plaintiff, <br><br> v. <br><br> LEX VEST, LTD; LEX TECNICA, LTD; SAMUEL CASTOR; NATHAN MORRIS; and ADAM KNECHT, <br><br> Third-party Defendants. | |

This matter came before the Court on Plaintiffs' Motion for Appointment of a Receiver (the "**Receivership Motion**").  The Court granted the Receivership Motion in a hearing on April 5, 2023 at 9:00 a.m., and, therefore, the Receiver was appointed effective as of the Court's ruling on April 5, 2023 at 9:00 a.m.

The Court, having reviewed the records and files herein, including, without limitation, the above-described Motion and documents supporting the same, and other matters of record relating thereto, and good cause having been shown, now enters the following "**Receivership Order**" setting forth the scope and duties of the Receiver, effective as of the hearing on the scope of this Receivership Order, which took place on April 7, 2023 at 9:00 a.m. (the "**Effective Date**").

**IT IS HEREBY ORDERED AS FOLLOWS:**

**I.**     **APPOINTMENT OF RECEIVER**

1.      Pursuant to Rule 66 of the *Utah Rules of Civil Procedure* and Utah Code § 25-6-303(1)(c)(ii), a remedy provision of Utah's Voidable Transactions Act (the "**UVTA**"),

2

Glenn R. Bronson, Esq. ("**Receiver**") is hereby immediately appointed as receiver in this action over (A) Emanation Communications Group, LC ("**ECG**"), ECG Operations, LC, ECG IP Holdings, LC, Emanation Energy Group, LC (the "**Receivership Entities**"), including all of their assets of any kind or nature whatsoever, wherever located and by whomever held (real, personal, monetary, nonmonetary, intellectual, tangible, intangible, or otherwise), and including, without limitation, all data, research, equipment, supplies, machines, tools, devices, computers and intellectual property that is partially or completely held, owned, controlled, or otherwise within the dominion of any of the Receivership Entities or in which the Receivership Entities hold any interest (the "**Receivership Entity Assets**"); (B) all assets and property of any kind or nature whatsoever, wherever located and by whomever held that were pledged, sold, assigned, distributed or otherwise transferred (directly or indirectly) from the Receivership Entities as part of any transaction between the Receivership Entities and Lex Vest, LTD ("**Lex Vest**"), to whomever transferred and wherever located (the "**Transferred Assets**" and, together with the Receivership Entity Assets, the "**Assets**"); and (C) all proceeds of any of the Assets.

2.      Receiver, as an officer of this Court, shall immediately have and take possession, and shall immediately be deemed to have possession, custody and control of all the Assets, as well as any premises leased, rented, occupied or owned by any of the Receivership Entities—including without limitation the facility located at 190 N. Cutler Drive, Suite D, North Salt Lake, UT 84054, and all property located there. All entities, assets and property falling in any of the above categories is now property of the "**Receivership Estate**" and is subject to the jurisdiction of this Court.   No real, personal, intangible or business property of William

3

4893-1825-7500

Niedermeyer or of any entity owned or controlled by William Niedermeyer including, without limitation, Legacy Technical Group, is included in the Assets or the Receivership Estate.

3.    Plaintiffs shall make a deposit of $25,000 into the Receivership Estate in order to cover initial reasonable costs and expenses of the Receiver.  Plaintiffs may, at their discretion or pursuant to subsequent order of the Court, deposit additional funds into the Receivership Estate to fund the Receivership, which funds shall constitute a post-appointment administrative priority claim over other claims against the Receivership Estate and may be repaid at any time from Receivership Estate assets without further order of the Court.  Any repayment by sale or liquidation of Receivership Estate Assets shall be upon order of the Court.

## II.    __Turnover and Cooperation__

1.    Defendants, and any other person or entity with actual or constructive notice of this Receivership Order, including without limitation the managers, officers, directors, employees, agents, representatives, attorneys, and consultants of Defendants, and all persons or entities acting for or in concert with them, shall forthwith deliver to Receiver, and Receiver shall immediately have and take possession, custody, and control of all Assets, as defined above, including, without limitation, all of the following that are in Defendants' possession, custody, control, or ability to direct:

(a)    All Assets and property of the Receivership Estate, in any form, including without limitation the rents, income, profits, and proceeds therefrom, and all other property incidental thereto or that is or may be necessary or useful to allow and assist Receiver in collecting the Receivership Estate, including without limitation, all mail and

4893-1825-7500

other correspondence, all post office boxes, all keys to all locks, all codes to security systems, all other means of access to the Receivership Estate property, and the contracts, records, books of account, ledgers, files and all business records for the Receivership Entities or the income, profits, or proceeds thereof, wherever located and whatever mode maintained (including without limitation, information contained on computers or cloud storage and any and all software relating thereto as well as all banking records, statements, cancelled checks, tax returns, credit card statements, licenses, and the like);

(b)     All documents[1] that constitute or pertain to any contracts, leases, subleases, royalty payments, assignments, insurance policies, liens, security interests, licenses, permits or governmental approvals, patents, or agreements of any kind whatsoever, whether currently in effect or lapsed, of or relating to any of the Receivership Entities or Assets, including to the extent such documents are related to the Receivership Estate, or any interest therein, or to the income, profits or proceeds therefrom;

---

[1] The term "documents" shall be defined broadly and refers to all writings or recordings of any kind, which includes, without limitation, papers, photographs, films, recordings, memoranda, books, records, accounts, communications, and all retrievable information in any computer storage medium (including, without limitation, all electronically stored data, meta data and forms thereof), written, typed, printed, transcribed, filed, or graphic matter of every kind and description, originals, copies of originals, copies of copies, drafts, carbon copies, printouts, letters, correspondence, telegrams, emails, text messages, SMS messages, other transmitted messages, transcripts, notes, statements, reports, memoranda (including those of telephone or other conversations), minutes, agenda, communications, plans, specifications, diagrams, drawings, working papers, financial statements and records, accounting data, property records, travel records, purchase orders, invoices, receipts, checks, checkbooks, bank accounts, legal documents, stenographic notes, Photostats, photographs, electronically stored information, computer programs, discs, tapes or other forms of mechanical or electrical transcription of information, tables, diary entries, schedules, desk calendars or pads, appointment books, and time sheets or records.

5

4893-1825-7500

(c)    All depository and financial accounts and all account numbers of accounts or wallets or virtual wallets for any of the Receivership Entities or in which funds of the Receivership Estate and/or proceeds are held;

(d)    All financial records with respect to the Receivership Estate, including without limitation, the financial records of each of the Receivership Entities;

(e)    Any other document or asset of the Receivership Estate—including all communications involving any of the Receivership Entities—whether or not Receiver has requested such document or asset pursuant to this Receivership Order;

(f)    All usernames, passwords, passcodes, and personal identification numbers and other information necessary to access online accounts held in the name of, for the benefit of, or used in the operations of, any of the Receivership Entities—including without limitation, email accounts, all other messaging services, eBay, PayPal, Amazon, Craigslist, Venmo, cryptocurrency wallets, and the like;

(g)    All usernames, user profiles, passwords, passcodes, and personal identification numbers for any electronic devices, including without limitation desktop computers, laptop computers, tablets, handheld devices, mobile phones, telephone accounts, VoIP accounts, and the like that are owned or used in the operations of any of the Receivership Entities.

(h)    To the extent access to any document, account, device or asset is restricted by or requires authentication through biometric or voice identification, confirmation or

6

recognition, Defendants shall identify the document, account, device or asset to Receiver and provide Receiver direct access to the document, account, device or asset;

      (i)      Within thirty (30) days after the Effective Date of this Receivership Order, a full and complete accounting of (a) all assets, liabilities, and financial affairs of each of the Receivership Entities, and, (b) to the extent not provided pursuant to the preceding clause, all transfers[2] of the Assets regardless of whether such transfer involved any of the Receivership Entities;

2.      All Defendants or any other persons or entities with actual or constructive notice of this Receivership Order, including without limitation any current and former managers, officers, directors, employees, agents, representatives, attorneys, and consultants of Defendants, and all persons or entities acting for or in concert with them, shall reasonably cooperate with Receiver (and any of his agents) as he performs his duties under this Receivership Order. Such cooperation includes, without limitation, prompt, open and truthful communications with Receiver regarding any aspect of the Receivership Estate—unless such communications would violate a recognized privilege or other valid legal restriction.

3.      If Defendants or any other persons or entities with actual or constructive notice of this Receivership Order, including without limitation the managers, officers, directors, employees, agents, representatives, attorneys, and consultants of Defendants, and all persons or

---

[2] The term "transfer" has the same meaning as that contained in the UVTA, Utah Code § 25-6-102(16): "every mode, direct or indirect, absolute or conditional, or voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, and creation of a lien or other encumbrance."

4893-1825-7500

entities acting for or in concert with them, shall fail to comply with any of the above, Receiver shall be entitled to file an appropriate paper with the Court under Rule 37 of the Utah Rules of Civil Procedure to compel compliance and to recover reasonable costs and expenses, including attorney fees, unless the circumstances warrant otherwise as determined by the Court. Receiver shall provide written notice to the party, person, or entity of its intent to file such a paper at least three (3) days prior to the filing of the motion.

4.      Separate and in addition to their obligations hereunder to immediately deliver provide access to all Assets, the ECG Corporate Entities will within fourteen (14) days of the Effective Date of this Receivership Order, which took place on April 7, 2023, provide a complete and accurate list of all of their Property and means of access to it, including (and as applicable) all access credentials (including by making 2FA devices available) to all Receivership accounts and the location, account name, third parties with whom any Assets were exchanged or traded, merchant name, URL, and whatsoever other credentials or procedures required to allow Receivers to access all of the Assets.  The ECG Corporate Entities also shall provide all accounting, financial, bank, and cryptocurrency files and data stored on any devices and in any software applications, such as QuickBooks, excel, and all other records containing all such information.  The ECG Corporate Entities shall provide such information and certify it is complete and accurate under penalty of perjury through the signatures of their authorized agents.

5.      The ECG Corporate Entities will actively assist Receiver to access all of the Assets when and as requested by Receiver and upon one business day of notice of need for personal conference to obtain additional information, will send information requests or facilitate

8

4893-1825-7500

sending information requests to any third parties in possession of information related to the Assets so that Receiver will have access to the Assets to the same extent as the ECG Corporate Entities did.

6.    Receiver may question Jennifer Karony and any personnel employed or associated with any Defendant, at any time during regular business hours within one business day of a request, to provide access to the Assets.  Receiver may question any such person with a court reporter or recording device to make a record of the questions and answers.  Such persons will submit to all such questioning, answering all questions truthfully and completely under penalty of perjury.[3]  Any such person may, but is not required to, have counsel present at all times.

### III.    Powers, Duties and Authority of Receiver

1.    Receiver shall have all powers, duties, and authority as are provided by law to take possession of, use, operate, manage and control the Receivership Estate, to collect and receive any rents, profits, proceeds and other income from the Receivership Estate, to protect, preserve, maintain, and improve the Receivership Estate, and to incur expenses that are necessary and appropriate toward those ends. Without limiting the foregoing, the Receiver's powers and duties shall specifically include the right and obligation, as the case may be:

(a)    to investigate the nature and extent of the Receivership Estate, and to make written reports to the Court and to the Parties related thereto, when deemed

---

[3] Time spent answering Receiver's questions under this section shall not count toward the time limitations for deposition of any such person in this proceeding.

9

4893-1825-7500

necessary by Receiver, when reasonably requested by Plaintiffs, or when ordered by the Court;

(b) to enter upon the premises of the Receivership Entities and gain access to the Receivership Estate, and take possession, custody, and control of all property of the Receivership Estate, and to operate the same so as to preserve, protect and maximize the value of the assets and any business;

(c) to take possession of and/or obtain copies of all business records pertaining to the Receivership Estate including without limitation, computer records, ledgers, financial statements, financial reports, bank records, statements, budgets, personnel records, sales records, communications (including emails and text messages) and any other record required to be turned over pursuant to this Receivership Order in whatever form and however stored;

(d) to operate, manage and control the Receivership Estate, including, without limitation, the power to enter into, or appropriately cancel or modify, contracts, leases and other agreements—including but not limited to employment and consulting agreements—that Receiver in his business judgment reasonably believes necessary for the prudent operation and management of the Receivership Estate;

(e) to seize any and all funds or other assets which constitute income, proceeds, or profits of the Receivership Estate, including, without limitation, bank accounts, other cash accounts or cash equivalents, and lock box funds, and to change the signatory authority on such accounts;

4893-1825-7500

(f)      to demand an inventory and turnover regarding the identity of all depository and financial accounts and all account numbers in which Receivership Estate or proceeds of Receivership Estate are held;

(g)      to demand, collect, and receive any rents, payments, income profits or proceeds of the Receivership Estate and any part thereof from any third person;

(h)      to use the Receivership Entities tax identification numbers and any other similar numbers used by the Receivership Entities with the state, local and federal taxing authorities for the preservation, protection, maintenance, operation, management, and control of the Receivership Entities and the Receivership Estate; provided however, Receiver shall be under no obligation to prepare, complete, or file tax returns of any kind on behalf of the Receivership Entities;

(i)      to prepare and execute any and all documents and to perform any and all acts that are necessary to fulfilling Receiver's duties, including preserving, protecting, maintaining, operating, managing and controlling the Receivership Estate;

(j)      to present for payment any checks, money orders, or other forms of payment made payable to any Receivership Entity, to the extent such payment is property of the Receivership Estate, which constitute profits, income, or proceeds of the Receivership Estate, endorse the same and collect the proceeds thereof, such proceeds to be held, used and maintained as elsewhere provided herein;

(k)      to open a separate account, or accounts, in the Receiver's name relating to the Receivership Estate and Receiver's administration of the Receivership Estate; and to

4893-1825-7500

appropriately transfer all funds or liquid assets from accounts held by, or for the benefit of, any of the Receivership Entities into the Receiver's separate accounts;

(l)      to operate, manage, control, and conduct the Receivership Estate, and its business and incur the reasonable expenses necessary in such operation, management, control and conduct in the ordinary and usual course of business, and do all other things ordinarily done, and incur the risks and obligations ordinarily incurred by owners, managers, and operators of similar businesses, and no such risks or obligations so incurred shall be the personal risk or obligation of Receiver, but shall be the sole risk or obligation of the Receivership Estate;

(m)      to collect income, proceeds, or other profits generated by or from the property of the Receivership Estate, and to deposit the same into Receivership accounts;

(n)      to expend funds to pay for the maintenance, repairs, operating expenses, fees, and regular taxes associated with the Receivership Estate;

(o)      to open any mail directed to the Receivership Entities, or to an agent of the Receivership Entities to the extent such mail is related to the Receivership Estate, at any of the Receivership Entities' addresses, and to redirect such mail to Receiver as Receiver, in its business judgment, deems necessary;

(p)      to prosecute, settle, dismiss, or defend legal actions related to the Receivership Entities, the Receivership Estate, and/or the Receiver, including without limitation the litigation entitled *Lex Vest, LTD v. Emanation Communications Group,* Case 2:22-cv-01266, in the United States District Court for the District of Nevada, and

4893-1825-7500

any other claims, causes of action, contracts, accounts receivable, promissory notes, or other claims against any Plaintiff, Defendant, or any other third party—including any claims arising under the UVTA on behalf of any of the Receivership Entities or creditors thereof. [4]

(q)      to issue subpoenas on any person or entity in possession of the items that constitute or that Receiver reasonably believes could constitute Assets, property, proceeds, or proceeds of property of, or transfers from, the Receivership Estate;

(r)      to employ attorneys, accountants, investigators, consultants, and any other persons or entities deemed necessary to assist Receiver in the discharge of Receiver's duties under this Receivership Order (each, a "**Professional**") with the costs of such services to be paid out of the Receivership Estate on a regular basis without further approval of the Court, so long as the fees charged for such services are reasonable, usual and customary;

(s)      to transfer, dispose of, disclaim, sell and/or abandon any tangible and intangible Assets or other property of the Receivership Estate, including, without limitation, licenses, accounts, inventory, equipment, real property, leasehold interests, trade secrets, trade processes trademarks and other intellectual property, and business lines for reasonable value in the accordance with the Receiver's business judgment, or

---

[4] The Receiver's powers hereunder include the power not to prosecute, settle, dismiss, or defend such legal actions, as determined by the Receiver in his discretion.

13

4893-1825-7500

otherwise if the Receiver determines the property to be unduly burdensome to the Receivership Estate or of inconsequential value and benefit to the Receivership Estate;

(t)      to the exclusion of any other person or entity, including, without limitation, Defendants, and only after receiving an order of the Court after notice and a hearing authorizing the act, to file any petition under title 11 of the United States Code that Receiver reasonably deems necessary and prudent with regard to protecting property of the Receivership Estate;

(u)      to seek the assistance of the County Sheriff or other law enforcement officers to assist in the enforcement of this Receivership Order and, specifically, by entry of this Receivership Order, such officers are hereby directed to enforce all provisions of this Receivership Order at the request of the Receiver;

(v)      to take any and all other actions with respect to the Receivership Entities, the extent such actions are related to the administration of the Receivership Estate, including their management, employees, assets, vendors, creditors, debtors, rents, income and profits, as Receiver reasonably deems necessary and prudent to preserve and protect the Receivership Estate, and to maximize the income and profits and value of the Receivership Estate, which may include, but is not limited to, the following:

2.      Nothing in this Receivership Order shall preclude Receiver from hiring professionals and third-party providers or vendors to assist Receiver in the performance of Receiver's duties under this Receivership Order, so long as the fees charged for such services are reasonable, usual and customary in the locality where the services are to be found.

14

4893-1825-7500

3.      Receiver shall:

(a)      be compensated at the rate of $440 per hour for Glenn R. Bronson and, unless otherwise approved the Court, at the ordinary and reasonable hourly rates (not to exceed $440 per hour) for other employees and staff in Receiver's office that assist Receiver, plus actual reasonable out-of-pocket expenses, for services as Receiver herein. Such fees and expenses shall be paid from the assets of the Receivership Estate no more often than on a monthly basis, upon approval of the Court after the submission of an appropriate motion, with supporting documentation, and an opportunity for objections and a hearing. If there are insufficient funds in the Receivership Estate to pay the Receiver's reasonable expenses, such expenses shall be paid by Plaintiffs, which, after the initial deposit of funds has been expended, may move the Court for an order to terminate the Receivership based on lack of funds in the Receivership Estate;

(b)      prepare detailed written reports regarding the administration, finances, and other aspects of the Receivership Estate when ordered by this Court, with the first such report due 30 (thirty) days of the Effective Date, and additional reports due every 90 (ninety) days thereafter, or as otherwise ordered by the Court;

(c)      retain, preserve and protect originals and/or legible copies of all writings and other documents used or referenced in order to prepare the statements under the foregoing paragraphs of this Receivership Order, including, without limitation, checks, contracts, agreements, and invoices;

15

4893-1825-7500

(d)    record a certified copy of this Receivership Order in the County Recorder's Offices of any County where Receiver determines real property belonging to the Receivership Estate is located; and

(e)    appropriately and lawfully pursue claims of the Receivership Estate, as empowered in the previous section, with regard to any Transferred Assets or any other assets or property of the Receivership Entities or the Receivership Estate or order to vindicate the rights of the Receivership Entities and provide value to the Receivership Estate.

4.    Receiver shall be empowered to serve as the sole "Manager" and "CEO" of the Receivership Estate, and each of the Receivership Entities, and shall be authorized to take any action necessary to perform his duties as Manager of the Receivership Estate and the Receivership Entities irrespective of the corporate documents, interests, votes, instructions or directions of any member or owner (or their agent or representative) of any of the Receivership Entities. In this capacity, the Receiver is vested with appliable privileges (including attorney-client and accountant-client) as to each entity, and may exercise and/or waive them in his discretion. No current or prior professional retained by any of the Receivership Entities may use such a privilege or other restriction of confidentiality as a ground for failing to disclose information to Receiver related to services he/she has provided to a Receivership Entity.

5.    During the pendency of this Receivership, and unless expressly authorized in writing by Receiver or by Order of the Court, none of the individual Defendants (Jennifer Karony, Bradford Karony, Samuel Castor, Nathan Morris and Adam Knecht) have any authority

16

4893-1825-7500

to act on behalf of any of the Receivership Entities or with regard to the Receivership Estate. That authority rests with the Receiver as an officer of this Court.

6.      Receiver is further empowered and authorized to generally do such other things as may be necessary or incidental to the specific powers, directions, and general authorizations set out in this Receivership Order, including any actions permitted by Utah Rule of Civil Procedure 66, and/or any other applicable law. Receiver may take actions relating to the Receivership Estate beyond the scope contemplated by the provisions set forth above, so long as Receiver obtains prior approval from this Court for any such actions.

## IV.     **Further Orders**

1.      Receiver or any of the Parties to this action may, at any time, apply to this Court for any further orders or other instructions and powers necessary or desirable to enable Receiver to perform Receiver's duties properly.

## V.     **Non-Interference with Receiver**

1.      It is further ordered that Defendants and any other parties with actual or constructive notice of this Receivership Order who are subject to the jurisdiction of this Court, including, without limitation, Defendants and their managers, officers, directors, employees, agents, creditors, shareholders, representatives, attorneys and consultants, and all persons or entities acting for or in concert with them, are enjoined and restrained from:

(a)      interfering, directly or indirectly, with Receiver's custody and control of the Receivership Estate, including, without limitation, withholding, secreting, or changing access codes and/or computer passwords;

4893-1825-7500

(b)      interfering, directly or indirectly, with Receiver's effort to collect or take possession of the Receivership Estate, or the income, profits or proceeds thereof;

(c)      committing or permitting any waste in connection with any of the property constituting the Receivership Estate, or suffering, committing, or permitting any act in connection with the Receivership Estate in violation of this Receivership Order or law;

(d)      collecting or attempting to collect the Receivership Estate, or the income, profits or proceeds thereof, other than at the written direction of Receiver;

(e)      extending, dispersing, transferring, assigning, selling, conveying, devising, pledging, encumbering, hypothecating, mortgaging, creating a security interest in or disposing of the whole or any part of the assets of the Receivership Estate or the rents, income, profits or proceeds thereof, without the prior written consent of the Receiver;

(f)      absent further order of the Court, commencing, or continuing, including through the issuance or employment of process, of a judicial, administrative, or other action against or involving the Assets or any property of the Receivership Estate that was or could have been commenced before the entry of this Receivership Order, or to recover any claims that arose before the entry of this Receivership Order from the Receivership Estate;

(g)      absent further order of the Court, and except as expressly authorized under this Receivership Order, enforcing against any Receivership Entity or the Receivership Estate any judgment obtained before the entry of this Receivership Order, or obtaining

4893-1825-7500

possession of or exercising dominion and control over any property of the Receivership Estate;

(h)     absent further order of the Court, and except as expressly authorized by this Receivership Order, taking any action or engaging in any other conduct concerning the Receivership Estate that would constitute a violation of the automatic stay as set forth in 11 U.S.C. § 362(a) as if the Receivership Entities had filed a voluntary petition for relief under the Bankruptcy Code; and

(i)     doing any act that will or that will tend to, impair, defeat, divert, prevent, or prejudice the preservation of the Receivership Estate and the rents, income, profits or proceeds thereof, or this Court's jurisdiction over the Receivership Estate.

2.     Receiver, in his business judgment, shall be entitled to engage locksmiths or other professionals for the purposes of gaining entry to any property or premises that is the subject of this Receivership Estate, and to gain access to any computer or security system, in order to obtain any property or documents to which Receiver is entitled pursuant to this Receivership Order, or to otherwise perform Receiver's duties under this Receivership Order. Receiver may also have locks, passcodes, passwords or security codes changed in order to safeguard the Receivership Estate.

**VI.     <u>Subordination of Liens and Claims</u>**

1.     Receiver shall have, as of the date hereof, the standing and status of a judgment creditor and bona fide purchaser for value of all of the Assets of the Receivership Estate.

4893-1825-7500

2.       As soon as practicable, and no later than thirty (30) days after the Effective Date of this Receivership Order, Receiver shall, to the best of his abilities and with the full assistance of all Parties, identify all of the secured and unsecured creditors of the Receivership Entities and the Receivership Estate and serve a copy of this Receivership Order on them.

3.       Any sale, disposition, further pledge or other transfer of the Receivership Estate shall require that unavoidable, pre-appointment liens of secured creditors shall attach to the proceeds from any such sale, disposition, pledge, or transfer to the same extent as such liens attached to the Receivership Estate.

**VII.    Assembling of Receivership Estate and Recommendations of Receiver**

1.       Receiver shall gather, collect, recover and protect the Assets and all other assets and property of the Receivership Estate—including the pursuit and resolution of claims. As part of the periodic reports required by this Receivership Order, Receiver shall report on the status of such activities.

2.       Once Receiver has gathered, collected and recovered the Assets and all other assets and property of the Receivership Estate (including the pursuit and resolution of claims) to his satisfaction, or to the extent he believes reasonable and practicable under the circumstances, he shall, make recommendations to the Court and the Parties for the liquidation of the Receivership Estate, distribution of assets and property from the Receivership Estate, continued operation of the Receivership Entities, termination of the Receivership and/or or other course of action.

20

4893-1825-7500

      3.      Receiver shall not, without further order of the Court, make any distribution of the proceeds from the liquidation of the Receivership Estate. Nothing in this Paragraph requires Receiver to make any interim distribution, and Receiver is authorized to maintain a cash reserve to pay future costs of administering the Receivership Estate. Receiver may pay expenses, including, without limitation, professional fees and his own fees and expenses, as provided herein, and other creditors in the ordinary course of the Receivership Estate's business in Receiver's sole discretion.

**VIII.**    **General Provisions Related to Receiver**

      1.      No person or entity shall file suit against Receiver, or take other action against Receiver, without an order of this Court permitting the suit of action; provided, however, that no prior court order is required to file a motion in this action to enforce the provisions of this Receivership Order or any other order of this Court in this action. Receiver and his assistants, agents, attorneys, professionals and management companies (the **"Receiver Parties"**) (i) may rely on any and all outstanding court orders, judgments, decrees and rules of law, and shall not be liable to anyone for their own good faith compliance with any such order, judgment decree or rule of law; (ii) may rely on, and shall be protected in any action upon, any resolution, certificate, statement, opinion, report, notice, consent, or other documents believed by them to be genuine and to have been signed or presented by the proper parties; (iii) to the fullest extent allowed by the law, shall be immune from and shall be held harmless from any and all suits, liabilities, claims, losses, lawsuits, judgments, and/or expenses, including, without limitation, attorneys' fees, costs, and monetary damages, arising out of or related to, either directly or indirectly, his,

4893-1825-7500

her, or their performance of duties or obligations under the terms of this Receivership Order; (iv) shall not be liable to anyone for their acts or omissions, unless such acts or omissions constitute gross negligence, recklessness, or intentional malfeasance. Parties dealing with the Receiver Parties may only look to the assets of the Receivership Estate to satisfy any liability, and the Receiver Parties shall have no personal liability to satisfy such obligations or claims unless the provisions of clause (iv) are proven to this Court by clear and convincing evidence.

2.      The Receivership Entities, the Receivership Estate, and the Receiver Parties shall not be held liable for any claim, obligation, liability, action, causes of action, cost, expense, or debt incurred by any of the non-receivership entity Defendants in this case, after the date of this Receivership Order.

3.      In no event shall the Receiver Parties be liable for any obligation or act that arose or occurred prior to the entry date of this Receivership Order, including without limitation, any of Defendants' contingent or unliquidated obligations, taxes of any kind, assessments, utility charges, or goods or services provided to Defendants.

4.      Receiver shall have no obligation to file any federal or state income tax return on behalf of any Defendant. Receiver shall reasonably cooperate with Defendants and furnish any information and documents requested by Defendants in connection with the preparation or filing of any federal or state tax return(s). The Receivership Estate shall bear the expense for the preparation and filing of the tax returns for the Receivership Estate to maintain compliance with Internal Revenue Service deadlines and avoid liens from being established against the assets of the Receivership Estate.

4893-1825-7500

5.      Following Receiver's appointment, Receiver shall not be deemed in any way to be an owner of the Receivership Estate.

6.      Any claims against any of the Receiver Parties shall be subject to the exclusive jurisdiction of this Court.

**A.      <u>Discharge</u>**

7.      Receiver may apply for discharge after all property of the Receivership Estate has been liquidated and/or the debts of the Receivership Entities have been satisfied or upon any settlement or release of the matters in the Verified Complaint or for other cause shown. In such event, Receiver shall file with the Court and serve on all Parties hereto a motion for discharge. Upon approval, Receiver shall be discharged from all further duties, liabilities, and responsibilities relating to the Receivership Entities and the Receivership Estate, except for the preparation and filing of a final report and account.

8.      Not later than thirty (30) days after the filing of the motion for discharge, Receiver shall file, serve, and set, for hearing its final report and account. Notice must be given to all Parties hereto and all other persons of whom Receiver is aware may have potential claims against the Receivership Estate.

**IX.      <u>Provisions Regarding Confidential Information</u>**

PROVISIONS REGARDING TREATMENT OF CONFIDENTIAL INFORMATION

1.      The Court finds that a protective order is necessary to facilitate the exchange of information and documents that may be considered confidential in this matter.

4893-1825-7500

A.     **<u>Confidential Information Defined</u>**

2.      As used herein, the term "**Confidential Information**" means any financial information concerning a party or an affiliate of a party, including without limitation, interrogatories and responses thereto, requests for admissions and responses thereto, demands for production of documents and responses thereto, and deposition transcripts or portions thereof, that are designated as "Confidential" in the manner provided in this Order.

A.     **<u>Designation of Confidential Information</u>**

3.      The Protective Order agreed to by the parties and submitted to the court shall govern all information provided to or from the Receiver.

X.     **<u>Effective Date</u>**

1.      This Receivership Order is effective as of the Court's ruling granting the Receivership Motion on April 5, 2023 at 9:00 a.m. MT.

IT IS SO ORDERED.

**\*END OF ORDER\***

**\*EXECUTED AND ENTERED AS INDICATED BY THE DATE AND SEAL AT THE TOP OF PAGE 1\***

24

4893-1825-7500